# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 1, 2010

140934

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

RICHARD ALLEN FRYE,
      Defendant-Appellant.

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

SC: 140934
COA: 286179
Branch CC: 07-048754-FC

_____/

On order of the Court, the application for leave to appeal the December 22, 2009 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

Defendant was convicted of sexually abusing his daughter and three step-daughters and sentenced to life in prison. I would grant leave to determine whether the undisputed error in this case was harmless.

In *People v Peterson,* 450 Mich 349, 352 (1995), this Court held that "an expert may not vouch for the veracity of a victim." Yet, the trial court allowed two expert witnesses to testify that the alleged sexual abuse in this case had occurred and thus that the victims were telling the truth in their allegations. As the Court of Appeals asserted, "[t]he law in this regard is so clear, and the error here so apparent, that we find it remarkable that the prosecutor offered this testimony, that defense counsel failed to object and that the trial court did not, *sua sponte*, prevent its introduction." *People v Frye*, unpublished opinion per curiam of the Court of Appeals issued December 22, 2009 (Docket No. 286179)

Therefore, the only question before this Court is whether the trial court's error was harmless. I would grant only so that we can more carefully make such an assessment in light of the following: (a) that the oldest victim, CL, who reported the abuse, had made

two prior unsubstantiated allegations of abuse against defendant; (b) that the three younger victims initially denied that any sexual abuse had occurred when questioned by their mother and the police; (c) that CL has a lengthy history of mental health problems, lying, and "acting out"; (d) that CL voluntarily continued weekend visits to defendant's house during the period of the alleged abuse; (e) that CL claimed that she continued the visits to protect her sisters, but then allegedly observed ongoing abuse for years without reporting it; (f) that the youngest girl testified that she was "told about" the abuse by CL and her mother; and (g) that the youngest girl now testifies that she was never abused at the same time as the other girls, which directly contradicts other allegations of group abuse.

To be sure, there is also considerable evidence tending to corroborate the victims' allegations, in particular physical evidence found in defendant's home. The question, thus, is whether, absent the two experts' improper corroborative testimony, the evidence summarized above, by undermining the victims' credibility, would likely have affected the jury's decision to convict defendant. I would grant leave so that we can hear further from the parties.

KELLY, C.J., and CAVANAGH, J., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 1, 2010

_Corbin R. Davis_
Clerk

s0928